```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**CITY OF NEW MARTINSVILLE,**
**WEST VIRGINIA,**

       **Plaintiff,**

v.                                                  Civil Action No. 2:12-cv-1809

**THE PUBLIC SERVICE COMMISSION**
**OF WEST VIRGINIA and**
**MONONGAHELA POWER COMPANY and**
**THE POTOMAC EDISON COMPANY,**

       **Defendants.**


<u>MEMORANDUM OPINION AND ORDER</u>

      Pending is the motion by plaintiff, City of New Martinsville ("New Martinsville"), for leave to amend its complaint and joinder, filed February 8, 2013. The Public Service Commission of West Virginia ("the Commission") responded in opposition on February 25, 2013. No other defendant filed a response. For reasons explained herein, the court grants the motion.


                             I. Background

      New Martinsville filed this action on June 1, 2012, alleging two counts against the Commission based on violations of

the Public Utility Regulatory Policies Act ("PURPA") and federal preemption.  On July 31, 2012, the Commission answered, asserting, among other defenses, that the suit was barred by the Eleventh Amendment to the U.S. Constitution.  The court entered a scheduling order on September 11, 2012, setting an October 31, 2012 deadline for amendment of pleadings and joinder.  On December 21, 2012, the court granted a motion permitting Monongahela Power Company and The Potomac Edison Company ("Mon Power" and "Potomac Edison") to intervene as defendants.

On January 10, 2013, the court entered an order coordinating the case with the related case of <u>Morgantown Energy Associates v. Public Service Commission of West Virginia</u>, Civil Action No. 2:12-cv-6327 ("the Morgantown Energy case").  The order set forth a revised schedule for briefing and suspended "[a]ll further requirements of the scheduling order" pending the court's ruling on Rule 12 motions.  On January 25, 2013, the Commission filed its motion to dismiss the complaint, alleging, among other grounds, that the Commission is immune from suit in federal court under the Eleventh Amendment.  Also on January 25, 2013, Mon Power and Potomac Edison filed a motion for judgment on the pleadings.

New Martinsville filed its pending motion for leave to amend approximately two weeks later, on February 8, 2013.  It seeks to join three individual defendants in their official

capacities: Michael A. Albert, the Commission's chairman, and John W. McKinney and Ryan B. Palmer, individual commissioners. The proposed amended complaint alters the language of the original complaint such that allegations are against "the PSC and its Commissioners" rather than only "the PSC." It includes developments in related actions before the West Virginia Supreme Court of Appeals and the Federal Energy Regulatory Commission that occurred after the filing of the original complaint.

## II. The Governing Standard

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after the service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Fed. R. Civ. P. 15(a)(1).

A party that can no longer amend a pleading as of right may still amend its pleadings by obtaining "the opposing party's written consent or the court's leave." Id. 15(a)(2). "The court should freely give leave when justice so requires." Id. "The law is well settled 'that leave to amend a pleading [under Rule 15(a)(2)] should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the

part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

The existence of prejudice to an opponent "is reason sufficient to deny amendment," and the "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). There is no prejudice where a defendant "was from the outset made fully aware of the events giving rise to the action." Id. Amendment is futile if "the proposed amended complaint fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6). United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)).

The flexibility of the "freely give leave" standard is diminished somewhat when the amendment is sought after expiration of the deadline, if any, for amended pleadings set by a Rule 16(b) scheduling order. Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b)(4). Thus, "after the deadlines provided by a scheduling order have passed, the good

4

cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (leave to amend sought to add a defense); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

"Good cause" under Rule 16(b) is measured by the movant's diligence in attempting to meet the scheduling order's requirements. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).[1]  "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003).  Nevertheless, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the

---

[1] As the Fourth Circuit has stated, albeit in an unpublished decision, "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel Cnty., Md., 182 Fed. App'x 156, 162 (4th Cir. 2006) (per curiam).

5

focus of the inquiry is upon the moving party's reasons for seeking modification."  <u>Johnson</u>, 975 F.2d at 609 (citations omitted).

### III. Discussion

New Martinsville asserts that it is entitled to amend as of right because it filed the pending motion on February 8, 2013, within 21 days of the Commission's January 25, 2013 Rule 12(b) motion to dismiss.  This argument ignores that Rule 15(a)(1)(B) begins the 21 days upon the filing of a Rule 12(b) motion or a responsive pleading, "whichever is earlier."  The Commission filed its answer on July 31, 2012, far earlier than it filed the Rule 12(b) motion, and it is that date from which the court must time the 21 days.  As the motion for leave to amend was filed over six months after the Commission served its answer, amendment as of right is unavailable.  New Martinsville must instead amend with leave of the court through satisfaction of Rule 15's "freely give leave" standard.  In addition, because the pending motion to amend was filed subsequent to the October 31, 2012 scheduling order deadline for amendment and joinder, New Martinsville must satisfy Rule 16's more demanding "good cause" standard.[2]

---

[2] New Martinsville argues that the court's January 10, 2013 order mooted the deadline for amendment and joinder by suspending "[a]ll further requirements of the scheduling order."  The deadline, however, having passed over two months before the court stayed the scheduling order, was not a "further" requirement.

New Martinsville argues that relief from the scheduling order and leave to amend are merited on the following grounds. It states that "the purpose of [its] amendment is to avoid litigation about whether its action is barred by the Eleventh Amendment." Mot. Amend 2. It believes joinder of the individual defendants will bring this action within the rule of Ex Parte Young, which "allows federal courts to award prospective relief against state officials for violation of federal law." Va. Office for Prot. & Advocacy v. Stewart, 131 S.Ct. 1632, 1637 (2011). While New Martinsville contends that it is unclear whether a municipality such as itself is even subject to the Eleventh Amendment, it believes that this amendment would avoid the "difficult threshold issue" of sovereign immunity and thereby conserve the resources of the court and the parties. Mot. Amend 2-3. Indeed, New Martinsville notes that the complaint in the Morgantown Energy case named the same individual commissioners as defendants, and in that case the Commission did not assert an Eleventh Amendment or sovereign immunity defense in its answer.

In response, the Commission argues that New Martinsville cannot show good cause for the amendment. It states that the amendment is futile in that it would not rectify the Eleventh Amendment issue and, regardless, would not prevent dismissal merited on the other grounds asserted in the January 25, 2013

7

motion to dismiss.³  The Commission argues that its July 31, 2012 answer gave notice of an Eleventh Amendment defense and that New Martinsville has offered no reason "other than a lack of diligence, for waiting more than half a year, and allowing this matter to progress through several rounds of briefing, before moving to amend its complaint in response to Eleventh Amendment concerns."  Opp'n 5.  The Commission asserts that amendment at this stage will cause undue and prejudicial delay.  It argues that its "entitlement to Eleventh Amendment sovereign immunity is a matter of black-letter law," and amendment will delay resolution and expose the Commission to "substantial additional expenses."  Id. at 6.  It further argues that amendment will render moot the pending motion to dismiss, reset the schedule for briefing, and require the Commission to reassess grounds for dismissal.

New Martinsville replies that no prejudice will exist because the same commissioners are already named in the Morgantown Energy case, which presents many of the same legal issues.  It states that the case is still in the "earliest stage of adjudication" in that no discovery has been conducted and the case is not on the brink of trial.  Reply 4.  New Martinsville argues that it "has not been dilatory or less than assiduous" because it

---

³ The Commission's motion to dismiss argues that New Martinsville's claims also fail due to "(1) res judicata/collateral estoppel; (2) the Rooker-Feldman doctrine; (3) lack of jurisdiction under PURPA; and (4) Burford, Princess Lida, Colorado, and Younger abstention."  Opp'n 4.

did not "need to" amend until the Commission filed its motion to dismiss that included an Eleventh Amendment bar.  Id. at 6-7.  Finally, New Martinsville states that its case and the Morgantown Energy case "both raise important issues of Federal energy law that should be resolved on the merits rather than being disposed of on the basis of technicalities."  Id. at 7.

While New Martinsville's justification for its delay in requesting an amendment is at best dubious, the court finds sufficient good cause to merit modification of the schedule in this case in order to add the three individual commissioners as defendants.  Though the Commission objects, its codefendants, Mon Power and Potomac Edison, do not.  The proposed amendment raises no new claims as to the existing defendants, and the parties have not conducted discovery.  Prejudice to the Commission is thus minimal.  By adding the individual commissioners to this action, the prospect of a separate action by New Martinsville against them is avoided.

With the addition of the three commissioners, the Commission is in no different position than in the comparable Morgantown Energy case.  Moreover, it would be an anomalous result indeed if these two substantially analogous cases were to have radically different outcomes as to the availability of relief.  The court concludes that the interests of justice and the absence

9

of prejudice overshadow any concerns regarding diligence and establish good cause for the proposed amendment.

IV.

It is, accordingly, ORDERED that New Martinsville's motion to amend its complaint be, and it hereby is, granted. The Clerk is directed to file New Martinsville's proposed amended complaint, which accompanies the motion. New Martinsville is ORDERED to direct service on the incoming commissioners forthwith and in no event later than June 4, 2013.

The court treats the existing motions to dismiss and for judgment on the pleadings, filed January 25, 2013, as effective against the amended complaint.[4] Any existing defendant wishing to supplement or renew its motion is directed to do so on or before June 4, 2013. The individual commissioners may file motions to dismiss on or before June 28, 2013.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

ENTER: May 21, 2013

John T. Copenhaver, Jr.
United States District Judge

---

[4] Consequently, it will be unnecessary for the Commission to go to the expense of further briefing, unless it chooses otherwise.